# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 3, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| CYNTHIA L KIEGEL, | * | No. 18-1249V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

David R. Smith, David Randolph Smith & Associates, Nashville, TN, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 20, 2018, Cynthia Kiegel ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that she suffered Guillain-Barré syndrome as a result of her receipt of an influenza vaccination on November 17, 2017. Petition at 1. On June 24, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF. No. 36).

On June 10, 2020, petitioner filed an application for attorneys' fees and costs. (ECF No. 33) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $50,714.50 (representing $50,314.50 in fees and $400.00 in costs). Fees App. Ex. 2 at 7. Pursuant to General

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Order No. 9, petitioner states that she has personally incurred costs of $250.00 in pursuit of this litigation. (ECF No. 43).  Respondent responded to the motion on June 11, 2020, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 34). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests compensation for her counsel, Mr. David Smith, at the following hourly rates: $440.00 per hour for work performed in 2017, $455.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, and $484.00 per hour for work performed in 2020. It has previously been determined that attorneys practicing in Nashville should receive forum rates for their Vaccine Program work. *See, e.g., Garrison v. Sec'y of Health & Human Servs.*, No. 19-1161V, 2020 WL 6055446, at *2 (Fed. Cl. Spec. Mstr. Sept. 14, 2020). Thus, Mr. Smith is entitled to receive forum rates for his work in this case. The only question is whether the rates sought are reasonable.

Upon review, I find that the requested rates for Mr. Smith are not reasonable and therefore necessitate a reduction. Mr. Smith has been licensed to practice law since 1978, giving him approximately 39 years of experience when he commenced work on this matter in 2017 and placing him in the highest tier of experience pursuant to the OSM Fee Schedules. In determining the factors to be considered in awarding reasonable forum rates, *McCulloch*, the seminal case on reasonable attorneys' rates, delineated the following factors:

1. The prevailing rate for comparable legal work in the forum of Washington D.C.;
2. the Prevailing Rate for Cases in the Vaccine Program;
3. The experience of the attorneys in the Vaccine Program;
4. The overall legal experience of the attorneys;
5. The quality of work performed in vaccine cases; and
6. Reputation in the legal community and community at large.

*McCulloch*, 2015 WL 5634323 at * 17. The rates sought for Mr. Smith's work in the instant case represent the maximum reasonable rates prescribed by the OSM Fee Schedules. In my experience, attorneys commanding such rates are few and far between, and those that do not only have the requisite overall experience, but also decades of experience in trying cases in the Vaccine Program. In this case however, despite his overall level of legal experience, Mr. Smith has virtually no Vaccine Program specific experience, with only one prior case more than two decades ago.[4] Therefore, I find that it is not reasonable to compensate Mr. Smiths' work at the maximum possible rates.

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

[4] Upon review of the docket of that prior case it appears that attorneys' fees were resolved informally via stipulation with no reasoned decision by the special master addressing hourly rates.

Upon review of Mr. Smith's credentials and the *McCulloch* factors, I find the following rates to be reasonable: $410.00 per hour for work performed in 2017, $415.00 per hour for work performed in 2018, $425.00 per hour for work performed in 2019, and $440.00 per hour for work performed in 2020. Application of these rates results in a reduction of $4,343.50.[5]

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, I find the overall hours billed to be slightly excessive and therefore necessitating a small reduction. For example, counsel billed 1 hour on 9/10/19 to prepare and file a motion for extension of time and 2.6 hours on 10/2/19 to "Receive and send to Ms. Kiegel final version for filing of Dr. Fadheel report", and 1.8 hours on 6/3/20 to review the stipulation order notice, review the stipulation, and email petitioner.[6] All of these represent excessive expenditures of time in my experience. Additionally, counsel has billed for several paralegal tasks at attorney rates. Although the billing records indicate that Mr. Smith does not utilize a paralegal, it has been consistently held in the Vaccine Program that tasks that can be completed by a paralegal or legal assistant should not be billed at an attorney's rate. *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. Jun. 15, 2009). In this case, counsel billed time for preparing medical records for filing (e.g., entries on 8/15/18 and 8/20/18) which is a task typically done by paralegals in my experience.

Accordingly, I find that a five percent overall reduction to the requested attorneys' fees is required to account for these issues. This results in a reduction of $2,298.55. Petitioner is therefore awarded final attorneys' fees of $43,672.45.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $400.00 in attorneys' costs for the Court's filing fee. The incursion of this cost is self-evident and because petitioner was awarded compensation, she is entitled to full reimbursement of this cost.

---

[5] 2017: ($440.00 requested - $410.00 awarded) * 1.9 hours billed = $57.00
2018: ($455.00 requested - $415.00 awarded) * 52.7 hours billed = $2,108.00
2019: ($464.00 requested - $425.00 awarded) * 43.9 hours billed = $1,712.10
2020: ($484.00 requested - $440.00 awarded) * 10.6 hours billed = $466.40

[6] Of note, this review was *after* the parties had agreed to the final terms of the stipulation and I had issued a 15-Week Order initiating the government's internal approval process.

### d. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants she has personally incurred costs of $250.00 for a retainer paid to her expert, Dr. Faris Fadheel. This cost is reasonable and shall be fully reimbursed.

## II.     Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $50,314.50 |
| (Reduction to Fees) | - ($6,642.05) |
| **Total Attorneys' Fees Awarded** | **$43,672.45** |
| | |
| Attorneys' Costs Requested | $400.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$400.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$44,072.45** |
| | |
| **Petitioner's Costs** | **$250.00** |
| | |
| **Total Amount Awarded** | **$44,322.45** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. I find it reasonable to compensate petitioner and her counsel as follows:

1) **a lump sum in the amount of $44,072.45, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. David Smith; and**

2) **a lump sum in the amount of $250.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master
